# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**HALEY WILLIAMS**                                                                                **PLAINTIFF**

**V.**                                                        **CAUSE NO. 3:17-CV-821-CWR-LRA**

**NANCY BERRYHILL,**                                                       **DEFENDANT**
*Acting Commissioner,*
*United States Social Security Administration*

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the Report and Recommendation of United States Magistrate Judge Linda Anderson. Docket No. 18. Plaintiff Haley Williams objects to the findings and recommendations. Docket No. 19. On May 25, 2018, Williams moved for summary judgment, arguing that the ALJ incorrectly applied the law by failing to give due consideration to the medical opinions of Williams' treating cardiologist, Dr. Gaymes. Docket No. 12. The Social Security Administration countered with a motion to affirm the Commissioner's initial determination. Docket No. 15. Judge Anderson provides a thorough procedural history and addresses both motions in her Report and Recommendation. Docket No. 18. Judge Anderson recommends that the decision of the Commissioner be upheld. *Id.* at 20.

This Court's review is limited to "whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (citations omitted).

Typically, the opinions, diagnoses, and medical evidence of a treating physician are given considerable weight in the ALJ's determination. *See Garcia v. Colvin*, 622 F. App'x 405, 410 (5th Cir. 2015) (citations omitted). The ALJ, however, may conclude that there is good cause for not giving the treating physician's opinion controlling weight. *See Newton v. Apfel,* 209 F.3d 448, 456

(5th Cir. 2000). Good cause exists if the opinion is "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Garcia*, 622 F. App'x at 410 (citations omitted). "Absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may *reject* the medical opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Thibodeaux v. Astrue,* 324 F. App'x 440, 444 (5th Cir. 2009) (emphasis added); *see also Purvis v. Colvin*, No. 3:14-CV-290-CWR-FKB, 2015 WL 5667014, at *1 (S.D. Miss. Sept. 25, 2015). The criteria set forth in 20 C.F.R. § 404.1527(d)(2) include: (1) the examining relationship; (2) the treatment relationship, including the length of time the physician has treated the claimant, the frequency of examination by the physician, and the nature and extent of the treatment relationship; (3) support for the physician's opinions in the medical evidence of record; (4) consistency of the opinions with the record as a whole; (5) the specialization of the treating physician; and (6) any other factors brought to the ALJ's attention. *See Bentley v. Colvin,* No. 13-CV-4238-P, 2015 WL 5836029, at *7 (N.D. Tex. Sept. 30, 2016).

Williams argues that the Report and Recommendation reveals a flaw in the ALJ's legal analysis: the ALJ evaluated the six factors before she made a good cause determination regarding Dr. Gaymes' opinion. Williams supports her position by pointing to a previous order from Magistrate Judge Ball in a prior iteration of this case. *See Williams v. Colvin*, 3:14-CV-785-FKB, Docket No. 19 at 14 (S.D. Miss. March 31, 2016) (citing *Bentley*, 2015 WL 5836029 at *8) ("six-factor analysis only comes into play after the ALJ has determined that a treating source's medical opinion is not entitled to controlling weight."). There is a discrepancy, however, in this Court's reasoning on whether good cause must come first or whether the six-factors may support a good

cause determination. *See Purvis v. Colvin*, No. 3:14-CV-290-CWR-FKB, 2015 WL 5667014, at *1 (S.D. Miss. Sept. 25, 2015) ("The post-*Newton* cases cited above, however, as well as the plain language of 20 C.F.R. § 404.1527(c)(2), suggest that the *Newton* factors are supposed to inform whether there is good cause for disregarding a treating physician's opinion.").

The Court need not address this point on the law now, because while the ALJ does not explicitly state that "good cause" existed, her decision regarding Dr. Gaymes' opinion nonetheless applies this standard. She wrote first that his opinions "did not receive controlling or even significant weight, since they are not consistent with the whole of the record." Docket No. 10 at 1230. In other words, the ALJ found that Dr. Gaymes' opinion was unsupported by the evidence. *Garcia*, 622 F. App'x at 410 (citations omitted). Then, as noted in the Report and Recommendation, the ALJ goes into the six specific factors to further elaborate on why Dr. Gaymes' opinion did not receive significant weight. *See* Docket No. 18 at 13. Therefore, the ALJ did use the proper legal standards in coming to her conclusion.

Williams does not cite to caselaw to support her remaining objections. Having reviewed these objections, the Court finds that the Report and Recommendation will be adopted as the Order of this Court. Accordingly, the determination of the Social Security Administration is affirmed and this case is dismissed with prejudice. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 12th day of March, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE